IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| DARRELL DAVIS, JR., a minor, by his mother and guardian, SHAWNENE MUNDY 1219 Walnut Street Staunton, Virginia 24401 | * * * * * * |
| and | * * |
| SHAWNENE MUNDY, Individually 1219 Walnut Street Staunton, Virginia 24401 | * * * * |
| Plaintiffs | * * |
| v. | * * |
| MARK LANGFITT, M.D. 8579 Commerce Drive, Suite 104 Easton, Maryland 21601 | * * * * |
| and | * * |
| SHORE HEALTH SYSTEM, INC., d/b/a MEMORIAL HOSPITAL AT EASTON 219 South Washington Street Easton, Maryland 21601 | * * * * * |
| SERVE ON: RESIDENT AGENT: Joseph P. Ross 219 South Washington Street Easton, Maryland 21601 | * * * * * |
| Defendants | * * |

AMD 07 CV 2314

Civil No. _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT
## AND ELECTION FOR JURY TRIAL

The Plaintiffs, Darrell Davis, Jr., a minor, by his mother and next friend, Shawnene Mundy, and Shawnene Mundy, individually, by and through their attorneys, Henry E. Dugan, Jr., Bruce J. Babij, Nadia A. Konstantinova, and Dugan, Babij & Tolley, LLC, sue the Defendants, Mark Langfitt, M.D. and Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, saying:

## PARTIES

1. The Plaintiff, Darrell W. Davis, Jr., is a minor citizen of the Commonwealth of Virginia, residing with his mother, Shawnene Mundy, at 1219 Walnut Street, Staunton, Virginia 24401.

2. The Plaintiff, Shawnene Mundy, is an adult citizen of the Commonwealth of Virginia, residing at 1219 Walnut Street, Staunton, Virginia 24401.

3. The Defendant, Mark Langfitt, M.D., is an adult citizen of the State of Maryland, with his principal place of business at 8579 Commerce Drive, Suite #104, Easton, Maryland 21601.

4. The Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, is a corporation organized and existing under the laws of the State of Maryland with its principal place of business at 219 South Washington Street, Easton, Maryland 21601.

## JURISDICTION AND VENUE

5. This Honorable Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. § 1332 (diversity of citizenship), in that there is complete diversity of citizenship among the parties and the amount in controversy in this matter exceeds Seventy-Five Thousand Dollars ($ 75,000.00). Venue is appropriate in this Honorable Court, pursuant to 28 U.S.C. § 1391(a)(1) & (3), as a place wherein the Defendants reside and are subject to personal jurisdiction.

6. In accordance with the Maryland Health Care Malpractice Claims Act, Md. Cts. & Jud. Procs. Code Ann. §§ 3-2A-01 et seq., the Plaintiffs filed this matter with the Maryland Health Care Alternative Dispute Resolution Office on or about July 31, 2007. Statement of Claim, attached and incorporated herein as Exhibit 1. Correspondingly, the Plaintiffs filed an Election to Waive Arbitration with the Maryland Health Care Alternative Dispute Resolution Office on or about July 31, 2007. Election to Waive Arbitration, attached and incorporated herein as Exhibit 2.

7. The Plaintiffs relate back to, repeat, reallege, adopt and incorporate by reference the initial Statement of Claim filed with the Maryland Health Care Alternative Dispute Resolution Office on or about July 31, 2007 as though fully set forth herein.

## COUNT I
### (Negligence – Mark Langfitt, M.D.)

The Plaintiffs, Darrell W. Davis, Jr., a minor, by and through his mother and next friend, Shawnene Mundy, and Shawnene Mundy, individually, repeat, reallege, adopt and incorporate by reference paragraphs 1 through 7 of this Statement of Claim as though fully set forth herein.

8. At all times of which the Plaintiffs complain, the Defendant, Mark Langfitt, M.D., was licensed to practice medicine in the State of Maryland and represented to the public and to the Plaintiffs possession of that degree of skill, knowledge and ability ordinarily possessed by a reasonably competent physician providing pediatric services.

9. At all times of which the Plaintiffs complain, the Defendant, Mark Langfitt, M.D., was acting individually and/or as the actual and/or apparent agent, servant and/or employee of the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton.

10. The Defendant, Mark Langfitt, M.D., owed to the Plaintiffs a duty to exercise that degree of care, skill and judgment ordinarily expected of a reasonably competent pediatrician acting in the same or similar circumstances; that duty included the proper acquisition and interpretation of clinical, radiologic, laboratory, pathologic and diagnostic information and data; the prompt performance of adequate and appropriate diagnostic tests and procedures to determine the nature and severity of any medical conditions suffered by the Plaintiff, Darrell W. Davis, Jr.; the prompt employment of appropriate care and treatments to correct such condition(s) and the duty of appropriate notification to

4

the Plaintiff's mother, Shawnene Mundy, of the various alternatives and risks involved in various modalities of treatment.

11. On or about December 13, 2004, the Plaintiff's mother, Shawnene Mundy, presented to Co-Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, for an elective cesarean delivery of twins for suspected intrauterine growth restriction and oligohydramnios. At or about 12:50 p.m., on December 13, 2004, Plaintiff, Darrell W. Davis, Jr., Baby "B," was delivered via cesarean section.

12. The Plaintiffs further allege that, upon delivery of the minor Plaintiff, Darrell W. Davis Jr., on December 13, 2004, the minor Plaintiff came under the care of the Defendant, Mark Langfitt, M.D., for pediatric and neonatal care and services.

13. As a result of the inadequate, inappropriate and negligent medical care, treatment and management of Darrell W. Davis, Jr.'s neonatal care by the Defendant, Mark Langfitt, M.D., Darrell W. Davis, Jr. was severely injured and brain damaged, and was eventually transferred to University of Maryland Hospital for continuing care and treatment, on or about December 15, 2004.

14. The negligent and careless acts and omissions of the Defendant, Mark Langfitt, M.D., include, but are not limited to:

> a. Failing to employ adequate diagnostic procedures and tests to determine the nature and severity of the medical status and/or conditions of the Plaintiff, Darrell W. Davis, Jr., including, but not necessarily limited to, neonatal hypoglycemia;
>
> b. Failing to exercise reasonable care in the timely and careful diagnosis of such conditions, including, but not limited to, neonatal hypoglycemia;

c. Failing to exercise reasonable care in employing appropriate treatments and surgical procedures to correct or address such conditions, including, but not limited to, neonatal hypoglycemia;

d. Failing to exercise reasonable care in evaluating the effects of any treatments or procedures to correct or address such conditions, including, but not limited to, neonatal hypoglycemia;

e. Failing to exercise reasonable care in interpreting the results of and information provided by any procedures or tests conducted, including, but not limited to, tests to assess and determine neonatal glucose levels;

f. Failing to promptly and reasonably assess the nature and severity of the medical status and/or conditions of the Plaintiff, Darrell W. Davis, Jr., including, but not limited to, neonatal hypoglycemia;

g. Failing to promptly and appropriately treat and correct any neonatal hypoglycemia suffered by the Plaintiff, Darrell W. Davis, Jr.;

h. Failing to exercise reasonable care in adjusting the chosen course of treatment or care provided to the Plaintiff, Darrell W. Davis, Jr.;

i. Failing expeditiously and reasonably to consult with or otherwise seek the guidance and direction of, a neonatologist and/or other clinicians to assist in the diagnosis and treatment of any conditions suffered by the Plaintiff, Darrell W. Davis, Jr., including, but not necessarily limited to, neonatal hypoglycemia; and

j. Being otherwise careless and negligent.

15. The Plaintiffs further allege that, as a result of the negligent and careless acts and omissions of the Defendant, Mark Langfitt, M.D., the Plaintiff, Darrell W. Davis, Jr., did sustain and suffer injuries, causing a severe and permanent shock and injury to his

brain, nerves and nervous system, great physical pain and mental anguish, resulting in permanent and irreversible brain damage and related injuries, damages and losses.

16. The Plaintiffs further allege that, as a result of the negligence of the Defendant, Mark Langfitt, M.D., the Plaintiff, Darrell W. Davis, Jr., was confined to hospitals for the treatment by physicians and surgeons of the serious injuries which he sustained, and that he has been and will continue to be prevented from his normal vocation, activities and pursuits as a result of the injuries, damages and losses complained of.

17. The Plaintiffs further allege that, as a result of the negligence of the Defendant, Mark Langfitt, M.D., the Plaintiff, Darrell W. Davis, Jr., by and through his mother and next friend, Shawnene Mundy, was required to incur great expenses for the medical care and hospitalizations required in the treatment of the injuries, damages and losses which he has sustained.

18. The Plaintiffs further allege that, as a result of the negligence of the Defendant, Mark Langfitt, M.D., the Plaintiff, Darrell W. Davis, Jr., by and through his mother and next friend, Shawnene Mundy, has been forced to incur and, in the future will continue to incur, expenses for the medical care, medicines, special education costs, rehabilitation costs and related damages and expenses.

19. The Plaintiffs further allege that, as a result of the negligence of the Defendant, Mark Langfitt, M.D., the Plaintiff, Darrell W. Davis, Jr., will suffer a loss of wages, benefits and remuneration as a result of the injuries and damages suffered by him

and his attendant need for continuing medical, custodial and rehabilitation care, treatment and monitoring.

20. The Plaintiffs further allege that, all of the injuries and damages complained of by them were caused by the negligence of the Defendant, Mark Langfitt, M.D., without any negligence or want of due care by the Plaintiffs contributing thereto.

WHEREFORE, the Plaintiffs, Darrell W. Davis, Jr., a minor, by and through his mother and next friend, Shawnene Mundy, and Shawnene Mundy, individually, bring this action against the Defendant, Mark Langfitt, M.D.

## COUNT II
### (Informed Consent – Mark Langfitt, M.D.)

The Plaintiffs, Darrell W. Davis, Jr., by and through his mother and next friend, Shawnene Mundy, and Shawnene Mundy, individually, repeat, reallege, adopt and incorporate by reference paragraphs 1 through 20 of this Statement of Claim as though fully set forth herein.

21. The Defendant, Mark Langfitt, M.D., owed to the Plaintiffs, Darrell W. Davis, Jr., and to his mother, Shawnene Mundy, the duty of appropriate notification of the various alternatives and risks involved in various modalities of treatment.

22. The Defendant, Mark Langfitt, M.D., was negligent in failing to appropriately and adequately obtain an informed consent from the Plaintiff, Shawnene Mundy, as mother of the Plaintiff, Darrell W. Davis, Jr., a minor, to his chosen course of treatment and was otherwise negligent.

8

23. The Plaintiffs further allege that, as a result of the negligent and careless acts and omissions of the Defendant, Mark Langfitt, M.D., the Plaintiff, Darrell W. Davis, Jr., did sustain and suffer injuries, causing a severe and permanent shock and injury to his brain, nerves and nervous system, great physical pain and mental anguish, resulting in permanent and irreversible brain damage and related injuries, damages and losses.

24. The Plaintiffs further allege that, as a result of the negligence of the Defendant, Mark Langfitt, M.D., the Plaintiff, Darrell W. Davis, Jr., was confined to hospitals for the treatment by physicians and surgeons of the serious injuries which he sustained, and that he has been and will continue to be prevented from his normal vocation, activities and pursuits as a result of the injuries, damages and losses complained of.

25. The Plaintiffs further allege that, as a result of the negligence of the Defendant, Mark Langfitt, M.D., the Plaintiff, Darrell W. Davis, Jr., by and through his mother and next friend, Shawnene Mundy, was required to incur great expenses for the medical care and hospitalizations required in the treatment of the injuries, damages and losses which he has sustained.

26. The Plaintiffs further allege that, as a result of the negligence of the Defendant, Mark Langfitt, MD., the Plaintiff, Darrell W. Davis, Jr., by and through his mother and next friend, Shawnene Mundy, has been forced to incur and in the future will continue to incur, expenses for the medical care, medicines, special education costs, rehabilitation costs and related damages and expenses.

27. The Plaintiffs further allege that, as a result of the negligence of the Defendant, Mark Langfitt, M.D., the Plaintiff, Darrell W. Davis, Jr., will suffer a loss of wages, benefits and remuneration as a result of the injuries and damages suffered by him and his attendant need for continuing medical, custodial and rehabilitation care, treatment and monitoring.

28. The Plaintiffs further allege that, all of the injuries and damages complained of by them were caused by the negligence of the Defendant, Mark Langfitt, M.D., without any negligence or want of due care by the Plaintiffs contributing thereto.

WHEREFORE, the Plaintiffs, Darrell W. Davis, Jr., a minor, by and through his mother and next friend, Shawnene Mundy, and Shawnene Mundy, individually, bring this action against the Defendant, Mark Langfitt, M.D.

### COUNT III
### (Negligence – Shore Health System, Inc., d/b/a, Memorial Hospital at Easton)

The Plaintiffs, Darrell W. Davis, Jr., a minor, by and through his mother and next friend, Shawnene Mundy, and Shawnene Mundy, individually, repeat, reallege, adopt and incorporate by reference paragraphs 1 through 28 of this Statement of Claim as though fully set forth herein.

29. At all times of which the Plaintiffs complain, the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, through its real and/or apparent agents, servants and/or employees, was licensed to practice medicine in the State of Maryland and, through its agents, servants and/or employees, represented to the public and to the

Plaintiffs possession of that degree of skill, knowledge and ability ordinarily possessed by a reasonably competent medical corporation practicing in the medical specialty of pediatrics and neonatal medicine.

30. At all times of which the Plaintiffs complaint, the individual Health Care Providers who provided neonatal and pediatric care and treatment to the Plaintiff, Darrell W. Davis, Jr., after his birth, including, but not limited to: Mark Langfitt, M.D.; Rosemary Vonnie, R.N.; Constance L. Edwards, R.N.; Kim S. Kunatz, R.N.; Lora Stafford, R.N.; Janet Day, N.T.; B. Wells, RNC and Patricia McNeal, RNC, were acting as the real and/or apparent agents, servants and/or employees of the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton.

31. The Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, owed to the Plaintiffs a duty to exercise that degree of care, skill and judgment ordinarily expected of a reasonably competent pediatrician acting in the same or similar circumstances; that duty included the proper acquisition and interpretation of clinical, radiologic, laboratory, pathologic and diagnostic information and data; the prompt performance of adequate and appropriate diagnostic tests and procedures to determine the nature and severity of any medical conditions suffered by the Plaintiff, Darrell W. Davis, Jr.; the prompt employment of appropriate care and treatments to correct such condition(s) and the duty of appropriate notification to the Plaintiff's mother, Shawnene Mundy, of the various alternatives and risks involved in various modalities of treatment.

32. On or about December 13, 2004, the Plaintiff's mother, Shawnene Mundy, presented to Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton,

and came under the care of the Defendant, its agents, servants and/or employees, for an elective cesarean delivery of twins for suspected intrauterine growth restriction and oligohydramnios. At or about 12:50 p.m., on December 13, 2004, Plaintiff, Darrell W. Davis, Jr., Baby "B," was delivered via cesarean section.

33. The Plaintiffs further allege that, upon the delivery of the minor Plaintiff, Darrell W. Davis, Jr., on December 13, 2004, the minor Plaintiff came under the care of this Defendant, its agents, servants and/or employees, including, but not limited to: Mark Langfitt, M.D.; Rosemary Vonnie, R.N.; Constance L. Edwards, R.N.; Kim S. Kunatz, R.N.; Lora Stafford, R.N.; Janet Day, N.T.; B. Wells, RNC and Patricia McNeal, RNC, for pediatric and neonatal care and services.

34. The Plaintiffs further allege that, as a result of the inadequate, inappropriate and negligent medical care, treatment and management of Darrell W. Davis, Jr.'s pediatric and neonatal care by the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, its agents, servants and/or employees, Darrell W. Davis, Jr. was severely injured and damaged.

35. The Plaintiffs further allege that the injuries, damages and losses complained of by them were due to the negligent and careless acts and omissions of the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, by and through its real and/or apparent agents, servants and employees, which breached the aforementioned duties to the Plaintiffs.

36. The negligent and careless acts and omissions of the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, include, but are not limited to:

a. Failing to employ adequate diagnostic procedures and tests to determine the nature and severity of the medical status and/or conditions of the Plaintiff, Darrell W. Davis, Jr., including, but not necessarily limited to, neonatal hypoglycemia;

b. Failing to exercise reasonable care in the timely and careful diagnosis of such conditions, including, but not limited to, neonatal hypoglycemia;

c. Failing to exercise reasonable care in employing appropriate treatments and surgical procedures to correct or address such conditions, including, but not limited to, neonatal hypoglycemia;

d. Failing to exercise reasonable care in evaluating the effects of any treatments or procedures to correct or address such conditions, including, but not limited to, neonatal hypoglycemia;

e. Failing to exercise reasonable care in interpreting the results of and information provided by any procedures or tests conducted, including, but not limited to, tests to assess and determine neonatal glucose levels;

f. Failing to promptly and reasonably assess the nature and severity of the medical status and/or conditions of the Plaintiff, Darrell W. Davis, Jr., including, but not limited to, neonatal hypoglycemia;

g. Failing to promptly and appropriately treat and correct any neonatal hypoglycemia suffered by the Plaintiff, Darrell W. Davis, Jr.;

h. Failing to exercise reasonable care in adjusting the chosen course of treatment or care provided to the Plaintiff, Darrell W. Davis, Jr.;

i. Failing expeditiously and reasonably to consult with or otherwise seek the guidance and direction of, a neonatologist and/or other clinicians to assist in the diagnosis and treatment of any conditions suffered by the Plaintiff, Darrell W. Davis, Jr., including, but not necessarily limited to, neonatal hypoglycemia; and

    j. Being otherwise careless and negligent.

37. The Plaintiffs further allege that, as a result of the negligent and careless acts and omissions of the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, through its duly authorized agents, servants and/or employees, the Plaintiff, Darrell W. Davis, Jr., experienced a severe shock to his nerves and nervous system, pain, mental anguish, resulting in permanent and irreversible brain damage and related injuries, damages and losses.

38. The Plaintiffs further allege that, as a result of the negligence of the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, through its duly authorized agents, servants and/or employees, the Plaintiff, Darrell W. Davis, Jr., was confined to hospitals for the treatment by physicians and surgeons of the serious injuries which he sustained, and that he has been and will continue to be prevented from his normal vocation, activities and pursuits as a result of the injuries, damages and losses complained of.

39. The Plaintiffs further allege that, as a result of the negligence of the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, through its duly authorized agents, servants and/or employees, the Plaintiff, Darrell W. Davis, Jr., by and through his mother and next friend, Shawnene Mundy, was required to incur great expenses for the medical care and hospitalizations required in the treatment of the injuries, damages and losses which he has sustained.

40. The Plaintiffs further allege that, as a result of the negligence of the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, through its duly authorized agents, servants and/or employees, the Plaintiff, Darrell W. Davis, Jr., by and through his mother and next friend, Shawnene Mundy, has been forced to incur and in the future will continue to incur, expenses for the medical care, medicines, special education costs, rehabilitation costs and related damages and expenses.

41. The Plaintiffs further allege that, as a result of the negligence of the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, through its duly authorized agents, servants and/or employees, the Plaintiff, Darrell W. Davis, Jr., will suffer a loss of wages, benefits and remuneration as a result of the injuries and damages suffered by him and his attendant need for continuing medical, custodial and rehabilitation care, treatment and monitoring.

42. The Plaintiffs further allege that, all of the injuries and damages complained of by them were caused by the negligence of the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, through its duly authorized agents, servants and/or employees, without any negligence or want of due care by the Plaintiffs contributing thereto.

WHEREFORE, this claim is brought by the Plaintiffs, Darrell W. Davis, Jr., a minor, by and through his mother and next friend, Shawnene Mundy, and Shawnene Mundy, individually, against the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton.

## COUNT VI
### (Informed Consent – Shore Health System, Inc., d/b/a, Memorial Hospital at Easton)

The Plaintiffs, Darrell W. Davis, Jr., by and through his mother and next friend, Shawnene Mundy, and Shawnene Mundy, individually, repeat, reallege, adopt and incorporate by reference paragraphs 1 through 42 of this Statement of Claim as though fully set forth herein.

43. The Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, owed to the Plaintiffs, Darrell W. Davis, Jr. and to his mother, Shawnene Mundy, the duty of appropriate notification of the various alternatives and risks involved in various modalities of treatment.

44. The Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, individually, and through its real and/or apparent agents, servants and/or employees, was negligent in failing to appropriately and adequately obtain an informed consent from the Plaintiff, Shawnene Mundy, as mother of the Plaintiff, Darrell W. Davis, Jr., a minor, to his chosen course of treatment and was otherwise negligent.

45. The Plaintiffs further allege that, as a result of the negligent and careless acts and omissions of the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, individually and through its duly authorized real and/or apparent agents, servants and/or employees, the Plaintiff, Darrell W. Davis, Jr., experienced a severe shock to his nerves and nervous system, pain, mental anguish, resulting in permanent and irreversible brain damage and related injuries, damages and losses.

46. The Plaintiffs further allege that, as a result of the negligence of the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, through its duly authorized agents, servants and/or employees, the Plaintiff, Darrell W. Davis, Jr., was confined to hospitals for the treatment by physicians and surgeons of the serious injuries which he sustained, and that he has been and will continue to be prevented from his normal vocation, activities and pursuits as a result of the injuries, damages and losses complained of.

47. The Plaintiffs further allege that, as a result of the negligence of the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, through its duly authorized agents, servants and/or employees, the Plaintiff, Darrell W. Davis, Jr., by and through his mother and next friend, Shawnene Mundy, was required to incur great expenses for the medical care and hospitalizations required in the treatment of the injuries, damages and losses which he has sustained.

48. The Plaintiffs further allege that, as a result of the negligence of the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, through its duly authorized agents, servants and/or employees, the Plaintiff, Darrell W. Davis, Jr., by and through his mother and next friend, Shawnene Mundy, has been forced to incur and in the future will continue to incur, expenses for the medical care, medicines, special education costs, rehabilitation costs and related damages and expenses.

49. The Plaintiffs further allege that, as a result of the negligence of the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, through its duly authorized agents, servants and/or employees, the Plaintiff, Darrell W. Davis, Jr.,

will suffer a loss of wages, benefits and remuneration as a result of the injuries and damages suffered by him and his attendant need for continuing medical, custodial and rehabilitation care, treatment and monitoring.

50. The Plaintiffs further allege that, all of the injuries and damages complained of by them were caused by the negligence of the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton, through its duly authorized agents, servants and/or employees, without any negligence or want of due care by the Plaintiffs contributing thereto.

WHEREFORE, this claim is brought by the Plaintiffs, Darrell W. Davis, Jr., a minor, by and through his mother and next friend, Shawnene Mundy, and Shawnene Mundy, individually, against the Defendant, Shore Health System, Inc., d/b/a, Memorial Hospital at Easton.

_____
HENRY E. DUGAN, JR.
Bar #01320
BRUCE J. BABIJ
Bar #08803
NADIA A. KONSTANTINOVA
Bar #28354
Dugan, Babij & Tolley, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| DARRELL DAVIS, JR., a minor, by and through his mother and next friend, SHAWNENE MUNDY, et al. | * * * Civil # |
| Claimants | * * |
| vs. | * * |
| SHORE HEALTH SYSTEM, INC., d/b/a MEMORIAL HOSPITAL AT EASTON, et al. | * * * * |
| Defendants | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ELECTION FOR JURY TRIAL

The Plaintiff in the above titled claim elects to have this case heard before a jury panel.

_____
HENRY E. DUGAN, JR.
Bar #01320
BRUCE J. BABIJ
Bar #08803
NADIA A. KONSTANTINOVA
Bar #28354
Dugan, Babij & Tolley, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600

Attorneys for Plaintiffs